UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOX NETWORK SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GAGE TECHNOLOGIES, INC., et al., <br><br> Defendants. | Case No. 22-cv-09135-AMO <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT AND DENYING MOTION TO STRIKE** <br><br> Re: Dkt. No. 43 |

Plaintiff Vox Network Solutions, Inc. ("Vox") initiated this lawsuit against one of its business competitors and two of its former employees for allegedly poaching a client. Before the Court is Defendants' motion to dismiss and motion to strike Vox's first amended complaint ("FAC") and motion to strike requests for relief. ECF 43. The matter is fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS IN PART AND DENIES IN PART** the motion to dismiss and **DENIES** the motion to strike.

I.   **BACKGROUND**[1]

Vox and Defendant Gage Technologies, Inc. ("Gage") are companies that provide consulting and network support services. FAC (ECF 41) ¶¶ 2, 4. In late 2017, Vox hired Defendant Kristopher McGreevey as a Regional Sales Director for the Pacific Northwest, and Defendant Kevin Frazier as a Senior Account Executive. FAC ¶¶ 21, 26. As conditions of their employment, Frazier and McGreevey (together, "Individual Defendants") signed Employee

---

[1] The Court accepts Vox's allegations in the complaint as true and construes the pleadings in the light most favorable to it. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

Confidentiality Agreements which obligated them to keep certain information confidential and not to share confidential information with any competitor. FAC ¶ 23.

Prior to joining Vox, the Individual Defendants developed a relationship with a cell phone company, Consumer Cellular, Inc. ("Consumer Cellular") and a software vendor, Avaya, Inc. ("Avaya"). FAC ¶ 29. Most of Avaya's products are sold through business partners, whose employees must obtain certifications to sell, install, and provide support for Avaya's products. FAC ¶ 30. Consumer Cellular became an important client for Vox and purchased Avaya products and support through Vox. FAC ¶ 29. In August and September of 2021, Frazier scheduled and attended a Vox-funded fishing and golfing trip with Consumer Cellular, where he "proposition[ed]" Consumer Cellular to transfer to Gage. FAC ¶ 33. In October of the same year, McGreevey and Frazier "engaged Avaya for a quote regarding the cost of transitioning Consumer Cellular to a subscription-based licensing agreement . . . ." FAC ¶ 35. The Individual Defendants did not follow Vox-mandated procedures as they failed to open an engineering ticket or enter the sales opportunity on Vox's software system. FAC ¶ 26.

Around the same time, McGreevey moved to Texas, where Gage is headquartered. FAC ¶ 34. Consumer Cellular and Frazier emailed about transitioning Consumer Cellular to a subscription-based Avaya license and about obtaining a temporary product license while Frazier worked out a quote, which – in violation of Vox's procedure – he did not record. FAC ¶ 35. In October of 2021, McGreevey and Frazier resigned from Vox and joined Gage. FAC ¶¶ 21-22. McGreevey left Vox on the same day Avaya approved the temporary license for Consumer Cellular, and Frazier resigned thirty-three minutes before delivering the temporary licenses to Consumer Cellular. FAC ¶¶ 41, 43. McGreevey is currently Gage's President and CEO and Frazier is Gage's Executive Vice President and CRO. FAC ¶¶ 21-22. In a November 2021 email exchange with Vox, Consumer Cellular confirmed that it was migrating its account to Gage under the subscription-based license Frazier had generated. FAC ¶ 49.

Two days after Frazier resigned, Vox learned for the first time that Consumer Cellular intended to migrate to a subscription-based model with Avaya. FAC ¶ 45. Vox conducted a forensic review of Frazier's Vox-registered email and discovered that Frazier had deleted many

2

1  communications regarding Consumer Cellular's planned migration to a subscription-based model.
2  FAC ¶ 46.  Consumer Cellular informed Vox that it planned to move its account to Gage
3  beginning in January 2022.  FAC ¶ 51.
4        On December 28, 2022, Vox filed a complaint for damages against Gage, McGreevey, and
5  Frazier for (1) violation of the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code
6  § 3426 *et seq.*; (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. and Prof.
7  Code § 17200; (3) breach of fiduciary duty; (4) breach of duty of loyalty; (5) fraudulent
8  concealment; (6) aiding and abetting breach of fiduciary duty; (7) civil conspiracy; (8) tortious
9  interference with contract; and (9) tortious interference with prospective economic advantage.
10  ECF 1.  On February 28, 2023, Defendants filed a motion to dismiss all of Vox's claims for failure
11  to state a claim.  ECF 16.  On March 25, 2024, the Court denied Defendants' motions to dismiss
12  the breach of fiduciary claim as to McGreevey and the breach of loyalty claim.  ECF 36.  The
13  Court granted in part and denied in part the motion to dismiss the UCL claim.  *Id.*  The Court
14  granted the motion to dismiss with leave to amend the trade secret misappropriation claim, the
15  breach of fiduciary duty claim as to Frazier, aiding and abetting the breach of fiduciary duty,
16  fraudulent concealment, conspiracy, tortious interference with a contract, and tortious interference
17  with a prospective economic advantage.  *Id.*
18        Vox filed the FAC on April 25, 2024, alleging UCL claims against all Defendants; a
19  breach of fiduciary duty claim against McGreevey; a breach of duty of loyalty claim against
20  McGreevey and Frazier; a fraudulent concealment claims against McGreevey and Frazier; aiding
21  and abetting breach of fiduciary duty claims against Gage and Frazier; and an aiding and abetting
22  breach of duty of loyalty claim against Gage.[2]  ECF 41.  Defendants again moved to dismiss for
23  failure to state a claim, and also moved to strike Vox's requests for relief.  ECF 43.

**II.      DISCUSSION**

25        Because resolution of Defendants' Motion to Dismiss determines whether the Court need

---

[2] The parties stipulated to allow Vox to add two new claims in the FAC: an aiding and abetting breach of fiduciary duty claim against Frazier and an aiding and abetting breach of duty of loyalty claim against Gage.  *See* ECF 39 at 3.

reach Defendants' Motion to Strike, the Court first considers the Motion to Dismiss.

### A.     Motion to Dismiss

Defendants move to dismiss the FAC, arguing the following deficiencies in Vox's claims: Vox's UCL and fraudulent concealment claims are preempted by CUTSA; Vox has failed to state a UCL claim under either the "fraudulent" or "unfair" prong; Vox has failed to plead entitlement to relief under the UCL; Vox has failed to plead entitlement to unjust enrichment; Vox has failed to adequately plead facts in support of its fraudulent concealment claim to show reliance, and that the claim is barred by the economic loss rule; and that Vox has failed to adequately plead damages caused by the breaches of duty. Before considering Defendants' various arguments, the Court first takes up Vox's contention that Federal Rule of Civil Procedure 12(g)(2) prohibits Defendants from raising arguments not made in Defendants' motion to dismiss Vox's original complaint. Rule 12(g) generally prohibits a party from making another motion under Rule 12 that "rais[es] a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Vox is correct that Defendants cannot now challenge claims that survived Defendants' motion to dismiss Vox's original complaint and that Vox did not amend, and for that reason, Defendants cannot challenge Vox's fraudulent concealment claim by arguing it is barred by the economic loss rule. However, because Defendants' other arguments are directed at claims that Vox amended, Vox's invocation of Rule 12(g) as to those arguments is misplaced. The Court, thus, takes up Defendants' arguments for dismissal in turn.

#### 1.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim for which relief may be granted. Rule 12(b)(6) requires dismissal when a complaint lacks either a "cognizable legal theory" or "sufficient facts alleged" under such a theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted). Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* at 678.

When evaluating a motion to dismiss, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citations omitted). The Court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

### 2. CUTSA Preemption or "Supersession"

Defendants argue Vox's UCL and fraudulent concealment claims are preempted by CUTSA to the extent they are predicated on misuse of confidential information. CUTSA "preempts common law claims that are 'based on the same nucleus of facts as the misappropriation of trade secrets claim for relief.' " *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958 (2009) (citation omitted). The Court previously found that where Vox's claims rely on conduct that implicates trade secret misappropriation, those claims are superseded by CUTSA. *See* ECF 36 at 8-9. While the FAC omits many of the trade secret allegations from the original complaint, several of Vox's claims continue to be predicated in part on trade secret misappropriation. *See, e.g.*, FAC ¶ 54 (alleging Defendants engaged in unlawful, unfair, and fraudulent business acts which "include, but are not limited to, misappropriating Vox's confidential and proprietary information"); FAC ¶ 71 (alleging Defendants intended to deceive Vox when using "Confidential Information to cultivate and preserve Vox's existing relationship with its client, Consumer"). However, Vox's UCL and fraudulent concealment claims are also based on conduct that does not implicate trade secret misappropriation, such as Defendants' development of a subscription plan for Consumer Cellular (FAC ¶ 55); use of Vox resources, including funds for a fishing trip (*id.*); and the Individual Defendants' tortious actions to cover up their misconduct (FAC ¶ 70). Those claims are not

United States District Court
Northern District of California

preempted by CUTSA. *See, e.g.*, *Arthur J.*, 409 F. Supp. 3d at 1175 (finding no CUTSA preemption of claims based on conduct unrelated to trade secret misappropriation); *Henry Schein, Inc. v. Cook*, No. 16-CV-03166-JST, 2017 WL 783617, at *3 (N.D. Cal. Mar. 1, 2017) (finding no preemption where plaintiff "did not necessarily rely on HSI's trade secrets when she solicited customers to move their business to [another company]"). Therefore, CUTSA does not supersede Vox's UCL and fraudulent concealment claims.

### 3. Unfair Competition Law

Defendants move to dismiss Count 1, Vox's UCL claim against all defendants as insufficiently pleaded. California's UCL "provides a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent." *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1050 (N.D. Cal. 2014) (citing Cal. Bus & Prof. Code 17200); *see Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 320 (2011). Finding that Vox failed to state a CUTSA claim, the Court previously dismissed Vox's UCL claim as premised on the unlawful prong. ECF 36 at 10. The FAC only alleges claims under the "fraudulent" and "unfair" prongs. Defendants argue neither is adequately pleaded.

#### a. "Fraudulent" Prong

Defendants argue Vox's claim under the "fraudulent" prong fails because it alleges personal, rather than public, deception. ECF 43 at 13-14. "A business practice is fraudulent under the UCL if members of the public are likely to be deceived." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012). "Though many courts have described the scope of business activities prohibited by § 17200 in sweeping terms, there is no case authority that 'fraudulent' business acts are separately actionable by business competitors absent a showing that the public, rather than merely the plaintiff, is likely to be deceived." *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-3638-SC, 2013 WL 4528956, at *5 (N.D. Cal. Aug. 26, 2013) (quoting *Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1121 (C.D. Cal. 2001)) (internal quotations omitted).

Vox has not alleged that members of the public are likely to be deceived. It argues that its "fraudulent" claim is sufficient "because a reasonable trier of fact may find that Defendants'

conduct was likely to deceive Vox's clients/consumers." ECF 44 at 24. However, as Vox and Consumer Cellular are not themselves "member[s] of the public or [] consumer[s] entitled to" protection under section 17200, any harm to them is not sufficient absent a showing of harm to the public. *Med. Instrument Dev. Lab'ys v. Alcon Lab'ys*, No. C-05-1138-MJJ, 2005 WL 1926673, at *5 (N.D. Cal. Aug. 10, 2005); *see also Payroll Res. Grp. v. HealthEquity, Inc.*, No. 23-CV-02794-TSH, 2024 WL 1744089, at *6 (N.D. Cal. Apr. 23, 2024) (collecting cases and finding plaintiff did not state a claim for fraudulent business practices under the UCL where plaintiff was a company and thus "not a member of the public, and cannot pursue a claim under the fraud prong of the UCL based solely on alleged representations Defendant made to the company"). Indeed, Vox does not allege members of the public are aware of Defendants' conduct, much less harmed by it. *See Payroll Res. Grp.*, 2024 WL 1744089, at *6 ("Plaintiff does not even allege that members of the public are aware of [defendant]'s alleged misrepresentations."); *see also Nat'l Rural Telecommunications Co-Op v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1078 (C.D. Cal. 2003) (finding claim under "fraudulent" prong failed as a matter of law where plaintiffs made no showing that the public was impacted at all by defendant's alleged conduct). The Court thus finds Vox has not stated a claim under the "fraudulent" prong.

### b. "Unfair" Prong

Defendants argue Vox's claim under the "unfair" prong fails because it seeks to apply the wrong legal standard and, even under the correct standard, its allegations are insufficient to state a claim. ECF 43 at 14. Under the "competitor" standard, "a plaintiff who claims to have suffered injury from a direct competitor's 'unfair' act or practice [must show] conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Under the "consumer" standard, other circumstances may support an "unfair" UCL claim brought by consumers, such as when a practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," or when "the practice's impact on the victim outweighs 'the reasons, justifications and motives of the alleged wrongdoer.' " *Doe*

1  *v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214-15 (9th Cir. 2020).  Vox alleges that Gage, "a direct
2  business competitor of Vox, engineered and carried out a covert, interstate scheme which resulted
3  in the calculated theft of an important client of Vox."  FAC ¶ 1.  The Court thus finds the
4  "competitor" standard applies.

5          To state a competitor claim under the UCL, Vox must identify a market that includes both
6  a geographic market and a product market.  *Facebook, Inc. v. BrandTotal Ltd.*, No. 20-CV-7182-
7  JCS, 2021 WL 2354751, at *15 (N.D. Cal. June 9, 2021) (quoting *Hicks v. PGA Tour, Inc.*, 897
8  F.3d 1109, 1120-21 (9th Cir. 2018)).  A product market "must encompass the product at issue as
9  well as all economic substitutes for the product."  *Id.*  Vox must also allege harm to competition,
10  not just harm to itself.  "Injury to a competitor is not equivalent to injury to competition; only the
11  latter is the proper focus of antitrust laws."  *Cel-Tech*, 20 Cal. 4th at 186.  Vox must also show
12  there is an "unusual aspect" of Defendants' conduct.  *Id.*  "Courts have dismissed competitors'
13  claims under this prong of the statute where the plaintiffs fail to identify 'any unusual aspect of the
14  alleged conduct that would make that conduct something that violates the policy and spirit of the
15  antitrust laws without violating the actual laws themselves.' "  *Id.* (collecting cases).

16          Vox alleges Defendants' conduct was unfair because "the substantial harm suffered by
17  Vox outweighs any justification that Defendants may have for engaging in those practices."  FAC
18  ¶ 56.  This conclusory allegation does not suffice to state a claim under the applicable standard.
19  Vox has neither identified a market nor alleged an "unusual aspect" of Defendants' conduct.
20  Instead, Vox argues in its opposition that "the FAC sets forth specific facts concerning
21  Defendants' *quid pro quo* agreement" which "easily falls within the broad definition of an 'unfair'
22  business practice under the UCL."  ECF 44 at 23.  Vox notes that the "purpose of the UCL" is
23  "focused on the nature of the defendant's conduct rather than on the damage caused," ECF 44 at
24  23, but does not attempt to meet the competitor test or otherwise explain why it should not have
25  to.  As such, the Court finds it has not stated a claim under the "unfair" prong.

26          Because the Court finds Vox has not stated a claim under either of the two UCL prongs, it

**GRANTS** Defendants' motion to dismiss Vox's UCL claim with leave to amend.[3]

#### 4. Aiding and Abetting Breach of Fiduciary Duty and Aiding and Abetting Breach of Duty of Loyalty

Defendants raise the same two arguments in moving to dismiss Count Five, Vox's claim that Frazier and Gage aided and abetted McGreevey's breach of fiduciary duty, and Count Six, Vox's claim that Gage aided and abetted McGreevey's breach of duty of loyalty: the impermissible nature of their allegations made on "information and belief;" and that the FAC merely recycles the same conclusory allegations the Court previously deemed insufficient to support an aiding and abetting claim. The Court considers each in turn.

First, Defendants argue Vox's allegations made on "information and belief" are not allowed by Federal Rule of Civil Procedure 11. ECF 43 at 23. While "[a] complaint will not survive a motion to dismiss if it tenders naked assertions devoid of further factual enhancement," *Blantz v. Cal. Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 927 (9th Cir. 2013) (holding that allegations made on information and belief, in the absence of facts to provide context, were insufficient to avoid dismissal), the Ninth Circuit has clarified that the *Iqbal/Twombly* plausibility standard permits allegations on information and belief where: (1) "the facts are peculiarly within the possession and control of the defendants"; or (2) "the belief is based on factual information that makes the inference or culpability plausible," *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (citing *Arista Records LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010)). Here, the facts alleged are "within the possession and control of the defendants," and Vox names the individuals who were involved, describes beyond "naked assertions" the challenged conduct (such as the "propositioning" of Consumer Cellular on the fishing and golf trip and the scrubbing of emails from Individual Defendants' Vox-issued computers), and provides estimations of the timing and location of the conduct (such as the September 2021 trip in Oregon). Accordingly, its allegations on information and belief are permissible, and the Court proceeds to consider the sufficiency of the allegations.

---

[3] The Court therefore does not address Defendants' argument that Vox's UCL claim independently fails because Vox has not pleaded entitlement to equitable relief under the UCL.

9

Under California law, " '[l]iability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person.' " *Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1144 (2005). A defendant alleged to have aided and abetted a breach of duty must have "acted with the intent of facilitating the commission of that tort." *Gerard v. Ross*, 204 Cal. App. 3d 968, 983 (1988). Mere knowledge that a breach is being committed and the failure to prevent it does not constitute the giving of substantial assistance or encouragement. *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 879 (2007).

Here, Vox's aiding and abetting breach of fiduciary duty claims against Frazier and Gage fail because, like the aiding and abetting claim against Gage in the original complaint, they are not sufficiently supported by facts. The Court previously dismissed the aiding and abetting breach of fiduciary duty claim against Gage because Vox's allegations in the complaint were "entirely conclusory" and Vox did not provide any factual allegations regarding Gage's actions other than its hiring of Frazier and McGreevey. ECF 36 at 13. Vox alleges Gage knew McGreevey and Frazier were employees of Vox and therefore owed a duty of loyalty to Vox. FAC ¶ 85. Vox further alleges that Gage had actual knowledge of the duty and provided substantial assistance and/or encouragement to the Individual Defendants to breach that duty, with the intention of breaching that duty. FAC ¶ 86. Vox alleges Gage compensated the Individual Defendants with leadership roles and lucrative salaries in order to breach the duty of loyalty. FAC ¶ 87. Absent specific facts about the assistance or encouragement Gage provided Individual Defendants, this claim is insufficiently pleaded. The aiding and abetting breach of fiduciary duty claim against Frazier is just as conclusory as the allegations against Gage, as Vox merely alleges that Frazier "provided substantial assistance and/or encouragement with the intention of facilitating McGreevey's breach of those fiduciary duties." FAC ¶ 79. These conclusory recitations of the requirement, without any facts to describe the assistance or encouragement that was provided, are insufficient. Accordingly, the Court **DISMISSES** Counts 5 and 6 with leave to amend.

### 5. Fraudulent Concealment

Defendants move to dismiss Count Four, Vox's fraudulent concealment claim against McGreevey and Frazier. Defendants argue Vox has failed to allege the fourth element necessary to state a claim for fraudulent concealment, reliance – that Vox would not have acted as it did had it known of the concealed fact. Defendants additionally argue that this claim is barred by the economic loss rule. The Court examines each argument in turn.

#### a. Reliance

The Court previously found Vox adequately alleged concealment of the existence of a sales opportunity with Consumer Cellular, but dismissed the claim with leave to amend because Vox failed to adequately plead how it would have acted differently had it known of the concealed fact. ECF 36 at 15. "[T]he elements of a cause of action for fraud based on concealment are: '(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.' " *Jones v. ConocoPhillips Co.*, 198 Cal. App. 4th 1187, 1198 (2011) (citation omitted).

In the FAC, Vox alleges that had it known of the concealed fact, Vox would have "taken all reasonable efforts to prevent and/or mitigate against the loss of client accounts handled by McGreevey and Frazier," including by immediately terminating them, retrieving their Vox-owned laptops, and saving information stored on those laptops and on their Vox-registered email accounts. FAC ¶ 73. Vox further alleges that had an engineering ticket been opened pursuant to the company-mandated procedure, and had Individual Defendants documented the sales opportunity in the designated company software, Vox would have assigned additional personnel per its standard procedure to "shepherd and support Consumer Cellular's transition to a subscription-based licensing agreement months earlier." FAC ¶ 73. Moreover, Vox alleges it would have collaborated with Avaya to register Consumer Cellular's transition and obtain special

11

pricing. FAC ¶ 73. Because of Individual Defendants' concealment, Vox could not implement the procedures until after the deal between Consumer Cellular had already moved its business from Vox to Gage. FAC ¶ 73. The Court finds these allegations are sufficient allegations of reliance. Vox's allegations are concrete steps, in contrast to its prior statement in the original complaint that it "would have pursued all reasonable remedies available to it" had it known of Individual Defendants' conduct earlier. Compl. (ECF 1) ¶ 88.

Defendants argue that Vox's allegations that it would have fired Individual Defendants and preserved their electronic devices are irrelevant because Vox failed to explain how those measures would have prevented Consumer from moving its business to Gage. ECF 47 at 13. Defendants further argue that Vox's allegation that it would have "assigned new personnel to liaison with Consumer and Avaya to shepherd and support Consumer's transition to a subscription-based licensing agreement" is insufficient because Vox did not do those things for several weeks after learning of Defendants' conduct. *Id.* However, it is not necessary for Vox to have eventually taken the stated actions, or for the actions to have been ultimately successful in remedying the alleged harm caused by Individual Defendants' conduct. "[C]ontrary to Defendants' suggestion, the actions that [Vox] took after the fact do not conclusively determine what actions they would have taken if they had been alerted before the fact." *See In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1134 (N.D. Cal. 2018) (finding plaintiffs plausibly alleged reliance and noting that "plaintiffs can consistently plead that they took minimal or no action after learning of [defendants' conduct] but that they 'would have taken measures to protect themselves' if they had been informed beforehand"). Defendants' efforts to undermine the legitimacy of Vox's alleged actions are unpersuasive, and the Court thus finds Vox sufficiently pleads reliance.

### b.    Economic Loss Rule

Defendants' argument that Vox's fraudulent concealment claim is barred by the economic loss rule, ECF 43 at 21, was not asserted in their first motion to dismiss, and thus cannot be raised now. *See* Fed. R. Civ. P. 12(g). Even if it could be raised at this point, it would not succeed. "The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken

contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). The rule "serves to prevent every breach of a contract from giving rise to tort liability," *JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1042-43 (N.D. Cal. 2012) (quoting *Robinson*, 34 Cal. 4th at 988), and has been applied to fraudulent concealment claims, *see Stewart v. Electrolux Home Prods., Inc.*, 304 F. Supp. 3d 894, 904-05 (E.D. Cal. 2018).

However, on August 22, 2024 – after briefing on this motion closed – the California Supreme Court held that claims for fraudulent concealment, as opposed to affirmative deception, are exempted from the economic loss rule. *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 38 (2024). The California Supreme Court reasoned that "the economic loss rule does not apply to limit recovery for intentional tort claims like fraud," and "only applies to bar tort recovery for negligently inflicted economic losses unaccompanied by physical or property damage . . . ." *Id.* Thus, Vox's fraudulent concealment claim is not barred by the economic loss rule. Accordingly, the Court **DENIES** Defendants' motion to dismiss Vox's fraudulent concealment claim.

### B. Motion to Strike

Defendants move to strike Vox's prayer for relief in the form of "all profits and other benefits obtained by Defendants as a result of their misconduct." FAC at 23. Defendants argue Vox fails to allege any profits or basis for disgorgement within the scope of Vox's claims. ECF 43 at 24-25. Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. However, the Ninth Circuit has held that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010). Such challenges should be brought under Rule 12(b)(6) or Rule 56, not a Rule 12(f) motion. *See id.* at 974 (concluding that a Rule 12(f) motion to strike claim for lost profits and consequential damages was "really an [improper] attempt to have certain portions of [plaintiff's] complaint dismissed or to obtain summary judgment against [plaintiff] as to those portions of the suit"); *see also Davis v. Hollywood & Ivar, LLC*, No. 221-CV-01235-VAPJPRX, 2021 WL 4816823, at *4 (C.D. Cal. Aug. 30, 2021) ("*Whittlestone* prohibits the Court from granting a

motion to strike attorney's fees and costs."); *Yu v. Design Learned, Inc.*, No. 15-CV-05345-LB, 2016 WL 3541046, at *7 (N.D. Cal. June 29, 2016) (same). "A claim for relief, regardless of form, is not immaterial to a plaintiff's complaint because 'whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief,' " and "[f]or the same reasons, a claim for relief is not impertinent because whether these damages are recoverable pertains directly to the harm being alleged." *Thomas-Byass v. Michael Kors Stores (California), Inc.*, No. ED-CV-15369-JGB-KKX, 2015 WL 13756100, at *3 (C.D. Cal. Sept. 16, 2015). Given this authority, striking the relief sought by Vox would be inappropriate. The Court thus **DENIES** Defendants' motion to strike Vox's prayer for relief.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss Vox's breach of fiduciary duty claim, breach of duty of loyalty claims, and its fraudulent concealment claim. The Court **GRANTS** with leave to amend Defendants' motion to dismiss Vox's UCL claim and its aiding and abetting claims. The Court **DENIES** Defendants' motion to strike. Any amended complaint must be filed within 21 days of the date of this Order. No additional parties or claims may be added without leave of Court or stipulation of Defendants.

**IT IS SO ORDERED.**

Dated: March 27, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**